Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to Plaintiffs
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

JEFFREY GOLDSTEIN,

                            Debtor.
------------------------------------------------------------x
STACEY SAYETTA
and MARK S. HELWEIL, ESQ.,

                           Plaintiffs,
v.

JEFFREY GOLDSTEIN,

                           Defendant.
------------------------------------------------------------x

Chapter 13
Case No. 20-22804 (SHL)

Adv. Proc. No. 21-_____ (SHL)

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS

Plaintiffs Stacey Sayetta ("Ms. Sayetta") and Mark S. Helweil, Esq. ("Mr. Helweil" and, together with Ms. Sayetta, "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint to Determine Dischargeability of Debts, respectfully set forth and allege as follows:

### SUMMARY OF ACTION

1.    By this complaint, Plaintiffs seek a determination exempting their respective claims against debtor-defendant Jeffrey Goldstein ("Defendant" or "Debtor") on account of domestic support obligations from discharge pursuant to 11 U.S.C. §§ 523(a)(5) and/or (a)(15).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.     Venue of this case is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     This action is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Plaintiffs consent to the entry of final orders or judgments of the Bankruptcy Court.

## PARTIES AND PROCEDURAL BACKGROUND

5.     Ms. Sayetta is an individual having an address at 401 East 74th Street, Apt. 11GH, New York, New York 10021.

6.     Mr. Helweil is an individual having an address at 230 Park Avenue, 18th Floor, New York, New York 10169.

7.     Defendant is an individual having an address at 90 Barnard Road, New Rochelle, New York 10801.

8.     On July 2, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code with this Court.

9.     Krista M. Preuss was appointed as Chapter 13 Trustee in the Debtor's case by operation of law at the first § 341 Meeting of Creditors.

10.    Pursuant to a series of stipulations "so-ordered" by this Court, Plaintiffs' time to the time to object to the Debtor's discharge and/or to object to the discharge of any alleged debts of the Debtor was extended, most recently through May 3, 2021.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11.    Ms. Sayetta and Defendant married each other on November 29, 2003.

12. Ms. Sayetta and Defendant have two (2) minor children together.

13. On February 1, 2013 and February 5, 2013, Ms. Sayetta and Defendant executed a certain Separation Agreement (the "Separation Agreement") providing for, among other things, Defendant's payment of agreed upon direct and indirect child support amounts to Ms. Sayetta.

14. On March 19, 2013, Ms. Sayetta commenced an action for divorce in the Supreme Court of the State of New York, County of New York (the "State Court"), entitled *Stacey Sayetta v. Jeffrey Goldstein*, Index No. 303304/2013 (the "Matrimonial Proceeding").

15. On or about October 23, 2013, the State Court entered a Judgment of Divorce in the Matrimonial Proceeding which incorporated the Separation Agreement by reference.

16. At all times material herein, Ms. Sayetta was represented by Mr. Helweil, an attorney duly licensed to practice law before the Courts of the State of New York in good standing, in the Matrimonial Proceeding as her counsel.

17. Over the course of the ensuing years, Defendant failed to comply with his child support and child support add-on obligations to Ms. Sayetta under the Separation Agreement resulting in Ms. Sayetta, with the assistance of Mr. Helweil as her counsel, having to undertake efforts to enforce the terms of the Separation Agreement in the State Court.

18. On August 27, 2020, Mr. Helweil filed a proof of claim in Defendant's chapter 13 case (Claim No. 9) (the "Helweil Claim") asserting a secured indebtedness totaling $70,200.66 as of the Petition Date representing amounts awarded to Mr. Helweil pursuant to a judgment entered against Defendant in the Matrimonial Proceeding on March 4, 2020 on account of attorneys' fees which Ms. Sayetta had been forced to incur as a result of Defendant's failure to comply with the child support and child support add-on obligations set forth in the Separation Agreement.

19.     On August 31, 2020, Ms. Sayetta filed a proof of claim in Defendant's chapter 13 case (Claim No. 10) (the "Sayetta Claim") asserting a priority unsecured indebtedness totaling not less than $69,040.50 as of the Petition Date representing amounts owed to Ms. Sayetta pursuant to the Separation Agreement on account of, among other things, direct child support and child support add-on expenses, reimbursable child expenses and reimbursable attorneys' fees.

## AS AND FOR A FIRST CLAIM FOR RELIEF

(For Determination of Non-Dischargeability of Ms. Sayetta Claim Under 11 U.S.C. §523(a)(5))

20.     Plaintiffs repeat, reiterate and reallege each and every allegation above as if the same was set forth at length herein.

21.     Section 523(a)(5) of title 11 of the United States Code excepts from discharge "any debt…for a domestic support obligation".

22.     All of the amounts owed by Defendant to Ms. Sayetta as of the Petition Date as claimed by way of the Sayetta Claim constitute "domestic support obligations" as defined under 11 U.S.C. § 101(14A).

23.     Accordingly, Ms. Sayetta demands the entry of judgment exempting from discharge all of Defendant's debts to her as claimed by way of the Sayetta Claim and such other and additional domestic support obligations as have accrued since the filing of the Sayetta Claim pursuant to 11 U.S.C. § 523(a)(5).

## AS AND FOR A SECOND CLAIM FOR RELIEF

(For Determination of Non-Dischargeability of Helweil Claim Under 11 U.S.C. §523(a)(5))

24.     Plaintiffs repeat, reiterate and reallege each and every allegation above as if the same was set forth at length herein.

25. All of the amounts owed by Defendant to Mr. Helweil as of the Petition Date as claimed by way of the Helweil Claim constitute "domestic support obligations" as defined under 11 U.S.C. § 101(14A).

26. Accordingly, Mr. Helweil demands the entry of judgment exempting from discharge all of Defendant's debts to him as claimed by way of the Helweil Claim and such other and additional domestic support obligations as have accrued since the filing of the Helweil Claim pursuant to 11 U.S.C. § 523(a)(5).

### AS AND FOR A THIRD CLAIM FOR RELIEF

(For Determination of Non-Dischargeability of Sayetta Claim Under 11 U.S.C. §523(a)(15))

27. Plaintiffs repeat, reiterate and reallege each and every allegation above as if the same was set forth at length herein.

28. Section 523(a)(15) of title 11 of the United States Code excepts from discharge "any debt…to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit".

29. All of the amounts owed by Defendant to Ms. Sayetta as of the Petition Date as claimed by way of the Sayetta Claim constitute debts incurred by Defendant "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit" within the meaning of 11 U.S.C. § 523(a)(15).

30. Accordingly, Ms. Sayetta demands the entry of judgment exempting from discharge all of Defendant's debts to her as claimed by way of the Sayetta Claim and such other

and additional domestic support obligations as have accrued since the filing of the Sayetta Claim pursuant to 11 U.S.C. § 523(a)(15).

## AS AND FOR A FOURTH CLAIM FOR RELIEF

(For Determination of Non-Dischargeability of Helweil Claim Under 11 U.S.C. §523(a)(15))

31.   Plaintiffs repeat, reiterate and reallege each and every allegation above as if the same was set forth at length herein.

32.   All of the amounts owed by Defendant to M.r Helweil as of the Petition Date as claimed by way of the Helweil Claim constitute debts incurred by Defendant "in the course of enforcing child support and child support add-on obligations set forth in a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit" within the meaning of 11 U.S.C. § 523(a)(15).

33.   Accordingly, Mr. Helweil demands the entry of judgment exempting from discharge all of Defendant's debts to him as claimed by way of the Helweil Claim and such other and additional domestic support obligations as have accrued since the filing of the Helweil Claim pursuant to 11 U.S.C. § 523(a)(15).

**WHEREFORE**, Plaintiffs respectfully request the entry of judgment:

(a)   On the First and Third Claims for Relief asserted herein, exempting from discharge all of Defendant's debts to Ms. Sayetta as claimed by way of the Sayetta Claim and such other and additional domestic support obligations as have accrued since the filing of the Sayetta Claim pursuant to 11 U.S.C. §§ 523(a)(5) and/or (a)(15);

(b)   On the Second and Fourth Claims for Relief asserted herein, exempting from discharge all of Defendant's debts to Mr. Helweil as claimed by way of the Helweil Claim and such other and additional domestic support obligations as have accrued since the filing of the Helweil Claim pursuant to 11 U.S.C. §§ 523(a)(5) and/or (a)(15);

(c) On all Claims for Relief, the costs and disbursements of this action; and

(d) Granting such other and further relief as may be just and proper.

Dated: New York, New York
      April 28, 2021

                          **PICK & ZABICKI LLP**
                          Counsel to Plaintiffs

By: _____
                          Douglas J. Pick
                          369 Lexington Avenue, 12th Floor
                          New York, New York 10118
                          (212) 695-6000